```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
EAGLE INTERNATIONAL INSTITUTE, INC.,

                         Plaintiff,              08-CV-6086-T

              v.                                 DECISION
                                                 and ORDER
UNISYS CORPORATION,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Eagle International Institute, Inc. ("Eagle" or "Plaintiff") brings this action against Defendant Unisys Corporation ("Unisys" or "Defendant"), seeking damages for defendant's breach of contract, fraud, unjust enrichment, and quantum meruit.

On January 29, 2008, Plaintiff initially filed its Complaint in Supreme Court of the State of New York, Monroe County. Defendant was served a copy of the Summons and Complaint on February 12, 2008. On February 28, 2008, Defendant timely filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1446(b). In its Notice of Removal, Defendant contends that this Court has original jurisdiction over this controversy based on diversity of citizenship of the parties, as set forth in 28 U.S.C. § 1332(a)(1). Defendant claims that jurisdiction is proper because: (1) Plaintiff seeks to recover a sum in excess of $75,000; (2) Plaintiff is a corporation organized and existing pursuant to the laws of the State of New York with its principal

place of business in the State of New York; and (3) Defendant is a corporation organized and existing in good standing under the laws of the State of Delaware with its principal place of business in Pennsylvania. Accordingly, the case was removed from state court to this Court.

In response to Defendant's removal, Plaintiff brought this Motion to Remand pursuant to 28 U.S.C. § 1447(c) on March 26, 2008, arguing that Defendant's failure to affirmatively negate that Defendant is a New York corporation or that Defendant's principal place of business is in New York is a fatal defect which warrants a remand of this case to state court. For the reasons set forth below, I hereby deny Plaintiff's Motion to Remand.

## DISCUSSION

### I.  Federal Subject Matter Jurisdiction

Federal district courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 377 (1994). Congress has granted district courts original jurisdiction in civil actions that arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and in civil actions between citizens of different states, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens, id. § 1332. In order for diversity jurisdiction to be proper under 28 U.S.C. § 1332, the matter in controversy must

also exceed a specified amount, which currently is $75,000. Id. § 1332(a).

A defendant may remove a civil action brought in state court to a Federal District Court if the district court has original jurisdiction. Id. § 1441(a). The defendant must file the notice of removal within 30 days of receiving, "through service or otherwise, a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Id. § 1446(b). Within 30 days of the removal to federal district court, a plaintiff can seek to remand the case back to state court on the basis of any defect other than lack of subject matter jurisdiction, such as procedural defects in the removal process. See id. § 1447(c). A plaintiff can, at any time before final judgment, seek to remand the case back to state court on the basis of lack of subject matter jurisdiction. See id.

## II. Defendant's allegations as to diversity of citizenship are sufficient to establish federal jurisdiction.

In the attorney's affirmation submitted in support of Plaintiff's Motion to Remand to state court, Plaintiff argues that Defendant's Notice of Removal is devoid of any allegations that affirmatively negate either (a) that Defendant Unisys is also a New York corporation or (b) that Defendant Unisys' principal place of business is in New York and failure to do so warrants remand to state court.

Under the requirements of 28 U.S.C. § 1446(a), a party seeking to remove a civil action from a state court must file in the district court "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Where removal is sought based on diversity of citizenship, the party seeking removal must allege facts from which the court may determine that no defendant is a citizen of either the forum state or of any state of which any plaintiff is a citizen. Id. § 1332(a). When the action involves a corporate party or parties, the Notice of Removal should allege the state or states in which each corporate party is incorporated and the state in which each corporation has its principal place of business. See id. §§ 1446(a), 1332(c)(1); see also Federal Rules of Civil Procedure Form 7, Statement of Jurisdiction.

Defendant states in its Notice of Removal that (1) Plaintiff seeks to recover a sum in excess of $75,000; (2) Upon information and belief, Plaintiff is a corporation organized and existing pursuant to the laws of the State of New York with its principal place of business in the State of New York; and (3) Defendant Unisys is a corporation organized and existing in good standing under the laws of the state of Delaware with its principal place of business in Blue Bell, Pennsylvania. Def.'s Notice of Removal at 2. The inclusion of allegations set forth in plaintiff's attorney's affirmation are not required for removal.

I find that Defendant has satisfied the requirements for removing the instant action to this Court. The language Defendant has chosen to allege jurisdiction based on diversity of citizenship is sufficient to establish that federal subject matter jurisdiction is appropriate in this case.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand for failure to adequately allege diversity of citizenship is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                            <u>s/Michael A. Telesca</u>
                               MICHAEL A. TELESCA
                       United States District Judge

Dated:    Rochester, New York
           July 29, 2008